Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PEGGY A. NEFF and GEOFFREY E. NEFF, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OLD REPUBLIC TITLE, LTD., a foreign corporation,<br><br>Defendant. | NO. 2:12-CV-02019-RSL<br><br>**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, STRIKING CASE DEADLINES, AUTHORIZING DISTRIBUTION OF CLASS NOTICE AND SETTING FINAL APPROVAL HEARING** |

This matter came before the Court on Plaintiffs' Unopposed Motion for Certification of Settlement Class and Preliminary Approval of Class Action Settlement ("Motion"), seeking approval of a Settlement Agreement ("Agreement") that will resolve the above-captioned putative class action case, if finally approved by the Court. The Court considered the Motion, the Declaration of Adam J. Berger, and the Agreement (Ex. A to the Berger Declaration), as well as the reasonableness of proceeding with the proposed settlement, and is advised the motion for preliminary approval is not opposed by Defendant. Good cause having been shown, the Court now finds and rules as follows:

ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT AND SETTING FINAL APPROVAL HEARING - 1
(No. 2:12-CV-02019-RSL)

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Telephone: (206) 622-8000 • Fax: (206) 682-2305

# I. FINDINGS

1. Preliminary certification for settlement purposes only of the Settlement Class defined in the Agreement is appropriate under Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3). Potential Class Members will have the opportunity to opt out of the Settlement Class.[1]

2. The Settlement appears to be fair, reasonable and adequate and has been entered into in good faith. Class Counsel have represented to the Court that the Settlement is the product of arm's length, serious, informed and non-collusive negotiations between Class Counsel and Defendant's Counsel. These negotiations took place following contested litigation and informal exchange of substantial information concerning the claims of the Settlement Class. Class Counsel and Defendant's Counsel are knowledgeable and experienced in class action litigation and in the subject matter involved in this case.

3. Neither the fact of the Settlement nor the submission of the Agreement for Court approval constitute, or shall be construed as, an admission of liability or responsibility on the part of Defendant Old Republic Title, Ltd. ("Old Republic"), which continues to deny all liability and disclaim all responsibility.

4. A hearing is appropriate to consider whether to grant final approval of the Settlement, at which time the Court will hear from the Parties and Settlement Class Members and will evaluate the proposed Settlement and the application of Class Counsel for the Attorney Fee Award and the Representative Plaintiffs' Award. Holding the Final Approval Hearing on March 13, 2014, will allow sufficient time for Potential Class Members to receive notice of, and object to, the Settlement, and for Potential Class Members to opt out of the Settlement Class, if they so desire.

5. The plan for notifying class members ("Notice Plan") set forth in the Agreement comports with all of the requirements of Fed. R. Civ. P. 23 and federal standards of

---

[1] All capitalized terms not otherwise defined in this Order shall have the same meaning as defined in the Agreement.

ORDER PRELIMINARILY APPROVING CLASS
SETTLEMENT AND SETTING FINAL APPROVAL
HEARING - 2
(No. 2:12-CV-02019-RSL)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Telephone: (206) 622-8000 ● Fax: (206) 682-2305

constitutional due process as the best notice practicable under the circumstances of this case. The Notice Plan provided in the Agreement and the proposed Class Notice and Website Class Notice will provide the Potential Class Members with the information necessary to make an informed decision regarding their participation in the Settlement. The Notice Plan is accurate and informative regarding the Settlement and defenses asserted in the Action, and the reasons for and the terms of the Settlement. The Notice Plan provided in the Agreement should be approved, the Class Notice attached as Exhibit 2 to the Settlement Agreement should be distributed to the Settlement Class, and the Website Class Notice attached thereto as Exhibit 3 to the Settlement Agreement should be posted on a website created by Class Counsel or the Settlement Administrator, as well as made available to Potential Class Members upon request to the Settlement Administrator.

## II.  ORDER

GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:

1. This action is conditionally and preliminarily certified, for settlement purposes only, as a class action pursuant to Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3) with a Settlement Class defined as:

> All Persons who, between October 16, 2006, and October 18, 2013, were buyers or borrowers in a real estate transaction in Washington State in which Old Republic provided escrow services, from whom Old Republic collected and retained excess recording charges.

The Settlement Class does not include any Opt Outs. If for any reason the Agreement is not approved or the Effective Date does not occur, this provisional appointment and certification shall be null and void and shall not be used or referred to for any purpose in this Action or in any other action or proceeding.

2. For purposes of holding the Final Approval Hearing regarding the final approval of the proposed Settlement, Plaintiffs are appointed as class representatives, and Schroeter

ORDER PRELIMINARILY APPROVING CLASS
SETTLEMENT AND SETTING FINAL APPROVAL
HEARING - 3
(No. 2:12-CV-02019-RSL)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Telephone:  (206) 622-8000 ● Fax:  (206) 682-2305

Goldmark & Bender, Berry & Beckett PLLP, and Williamson & Williams are hereby appointed as counsel for the Settlement Class.

3. Pending a final determination on whether the Settlement should be approved, neither Plaintiff nor any Person in the Settlement Class shall commence, maintain, or prosecute any action or proceeding other than the Action asserting any of the Settled Class Claims. **All proceedings in the Action, except those relating to approving the Settlement, are stayed and all current case deadlines in the Action are stricken except as provided in this Preliminary Approval Order, pending determination of whether the Settlement should be approved.**

4. Tilghman & Co., P.C., is appointed to act as the Settlement Administrator. The Settlement Administrator's and the Parties' respective obligations with respect to the distribution of the Class Notice, the posting of the Website Class Notice, the Awards, the Settlement Administration Costs, the Attorney Fee Award, the Representative Plaintiffs' Award, and the amounts (if any) remaining in the Settlement Fund after payment of Awards shall be performed reasonably and in good faith. So long as they do, the Settlement Administrator and the Parties shall not be liable for erroneous, improper or inaccurate distribution, and the releases in the Agreement, the Final Approval Order and any judgment in the Action, including the Final Approval Order, shall be effective as of the Effective Date as to Plaintiffs, Plaintiffs' Counsel and every Settlement Class Member notwithstanding any such error and regardless of whether such error is corrected.

5. Old Republic is directed to deliver to the Settlement Administrator, within twenty (20) calendar days after the Preliminary Approval Date, a list of the last known mailing or property addresses for all persons who participated as buyers or borrowers in real estate purchase, sale, or refinance transactions in Washington State between October 16, 2006 and October 18, 2013 in which Old Republic acted as escrow agent. The Settlement Administrator shall update this address information using the United States Postal Service National Change of Address ("NCOA") database or similar tracking service once before mailing the Class Notice to

ORDER PRELIMINARILY APPROVING CLASS
SETTLEMENT AND SETTING FINAL APPROVAL
HEARING - 4
(No. 2:12-CV-02019-RSL)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Telephone:  (206) 622-8000 ● Fax:  (206) 682-2305

the Potential Class Members.  As soon as is reasonably practicable, but in no event more than thirty (30) calendar days after the Preliminary Approval Date, the Settlement Administrator shall mail the Class Notice to the Potential Class Members at the address provided by Old Republic or such address as may be provided by the NCOA or tracking service update.  All Potential Class Member identifying and contact information shall be provided confidentially to the Settlement Administrator, and the Settlement Administrator shall not share or make available to Plaintiffs' Counsel any of the information described in this Paragraph without written permission from Old Republic or Court order.

6. Proof of mailing of the Class Notice as provided above shall be filed at or prior to the Final Approval Hearing.  The mailing and the form of the Class Notice, and the posting of the Website Class Notice, are hereby authorized and approved, and satisfy the Agreement, the notice requirements of Fed. R. Civ. P. 23, and federal constitutional due process as the best notice practicable under the circumstances.

7. Class Counsel shall file with the Court and serve on counsel for Old Republic the application for final approval of the Settlement pursuant to Local Rule 7(d)(3).  So that Settlement Class Members may object to the request for attorney fees made by Plaintiffs' Counsel, the petition for approval of those fees will be posted to the same website as the Website Class Notice and filed with the Court no later than thirty (30) calendar days before the deadline for submitting objections to the Settlement.

8. Any Person in the Settlement Class may request exclusion by mailing or delivering a Request for Exclusion that satisfies the requirements of the Agreement to the Settlement Administrator within forty five (45) calendar days of the first mailing of the Class Notice.  The Settlement Administrator shall email .pdf copies of each Request for Exclusion to Plaintiffs' Counsel and Defendant's Counsel within ten (10) calendar days of receiving such Request for Exclusion.

ORDER PRELIMINARILY APPROVING CLASS
SETTLEMENT AND SETTING FINAL APPROVAL
HEARING  - 5
(No. 2:12-CV-02019-RSL)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Telephone:  (206) 622-8000 ● Fax: (206) 682-2305

9.     Any Potential Class Member who becomes an Opt Out by properly and timely exercising the right to be excluded from the Settlement Class will not: (i) be bound by any judgment entered in the Action in connection with the Settlement, including, without limitation, the Final Approval Order; (ii) be entitled to relief under, or be affected by, the Settlement; (iii) gain any rights by virtue of the Settlement; or (iv) be entitled to object to any aspect of the Settlement.  Each Potential Class Member who does not submit a timely and properly completed and executed Request for Exclusion shall be a Settlement Class Member, and shall be bound by the terms of the Agreement and the Final Approval Order, if Final Approval and the Effective Date occur, whether or not such Settlement Class Member receives an Award under the Settlement.  The Final Approval Order shall have attached to it under seal a schedule of the Opt Outs.  The parties are hereby authorized to file such a schedule under seal, as necessary to maintain the privacy of Opt Outs.

10.     Settlement Class Members who do not enter an appearance through their own attorneys will be represented at the Final Approval Hearing by Plaintiffs as representatives of the Settlement Class and by Plaintiffs' Counsel as counsel for the Settlement Class.

11.     Settlement Class Members who wish to receive an Award must submit a Claim Form in the form attached hereto as Exhibit C and providing all information requested on that form, which must be received by the Settlement Administrator not later than fifty-five (55) calendar days after the first mailing of the Class Notice.  This form will accompany the Class Notice mailed to Potential Class Members.

12.     If Final Approval occurs: (i) Old Republic will deliver the Settlement Fund to the Settlement Administrator as provided in Section IV of the Agreement; (ii) Awards shall be calculated and mailed to all Award Recipients as provided in Section V; (iii) any remainder of the Settlement Fund shall be distributed as provided in Section V of the Agreement.

13.     **The Court will conduct the Final Approval Hearing pursuant to Fed. R. Civ. P. 23 at 10 a.m. on March 13, 2014, in the Courtroom of Judge Robert S. Lasnik of the**

ORDER PRELIMINARILY APPROVING CLASS
SETTLEMENT AND SETTING FINAL APPROVAL
HEARING  - 6
(No. 2:12-CV-02019-RSL)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Telephone:  (206) 622-8000 ● Fax:  (206) 682-2305

**United States District Court for the Western District of Washington in Seattle**, to determine: (a) whether the proposed Settlement, on the terms and conditions set forth in the Agreement, is fair, reasonable and adequate; (b) whether the Agreement should be finally approved by the Court, including whether the Class Notice and the Request for Exclusion forms have been distributed according to this Preliminary Approval Order; (c) whether the Action should be dismissed on the merits, with prejudice; (d) whether to grant or overrule any objections to the Settlement, the Agreement, the Attorney Fee Award or the Representative Plaintiffs' Award; (e) to consider Plaintiffs' Counsel's application for an Attorney Fee Award and Representative Plaintiffs' Award; and (f) to consider whether the Final Approval Order should be entered.  The Final Approval Hearing may be continued from time to time without further notice to the Settlement Class.

14.     Any Settlement Class Member may appear at the Final Approval Hearing and object to the Settlement or the application of Plaintiffs' Counsel for the Attorney Fee Award or the Representative Plaintiffs' Award.  For any objection to be considered at the Final Approval Hearing, the objecting Settlement Class Member: (a) must not request exclusion from the Settlement Class (Opt Out); (b) must file a statement with the Clerk of this Court setting forth the specific grounds for objection and attaching any supporting papers the Settlement Class Member desires the Court to consider (collectively, the "Objection"); and (c) provide a copy of the Objection to Plaintiffs' Counsel and Defendant's Counsel by mailing, postmarked not later than forty five (45) calendar days from the date of the initial mailing of the Class Notice, to Adam J. Berger, Schroeter Goldmark & Bender, 810 Third Avenue, Suite 500, Seattle, WA 98104, and to Gavin W. Skok, Riddell Williams P.S., 1001 Fourth Avenue, Suite 4500, Seattle, WA 98154, referring on the envelope to *Neff v. Old Republic Title, Ltd.*  The filing of an Objection shall not extend the time to file a Request for Exclusion.

15.     This Order is without prejudice to Old Republic's right to contest all issues in the Action, including without limitation all issues under Fed. R. Civ. P. 23 relating to the

ORDER PRELIMINARILY APPROVING CLASS
SETTLEMENT AND SETTING FINAL APPROVAL
HEARING  - 7
(No. 2:12-CV-02019-RSL)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Telephone:  (206) 622-8000 ● Fax:  (206) 682-2305

1  certification of a class, if the Settlement is terminated, is not approved, or the Effective Date does
2  not occur for any reason.  The certification of the Settlement Class is conditional and
3  preliminary, solely for purposes of settlement, and is not a concession by Old Republic on the
4  merits of the Action or the existence of any certifiable class in this Action.

5      16.    If the Settlement is terminated, is not approved, or the Effective Date does not
6  occur for any reason, this Order shall be rendered null and void and the Parties shall return to
7  their respective litigation positions as of the date immediately prior to its entry; provided,
8  however, that a new case schedule shall be set by the Court.

9      IT IS SO ORDERED this 18th day of November, 2013.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER PRELIMINARILY APPROVING CLASS
SETTLEMENT AND SETTING FINAL APPROVAL
HEARING  - 8
(No. 2:12-CV-02019-RSL)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Telephone:  (206) 622-8000 ● Fax:  (206) 682-2305