1

Honorable Robert S. Lasnik

2

3

4

5

6

7

8

9          UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
10                    AT SEATTLE

11   PEGGY A. NEFF and GEOFFREY E.                NO. 2:12-CV-02019-RSL
     NEFF, on behalf of themselves and others
12   similarly situated,                          **ORDER, JUDGMENT AND
                                                  DECREE GRANTING FINAL
13                     Plaintiffs,                APPROVAL TO CLASS ACTION
                                                  SETTLEMENT, APPROVING
14            v.                                  ATTORNEY FEE AWARD,
                                                  APPROVING REPRESENTATIVE
15   OLD REPUBLIC TITLE, LTD., a foreign          PLAINTIFFS' AWARD AND
     corporation,                                 DISMISSING CLAIMS WITH
16                                                PREJUDICE
                       Defendant.
17

18                                                **NOTE ON MOTION CALENDAR:
                                                  MARCH 13, 2014**

19

20                          **I.  FINDINGS OF FACT**

21          1.      Plaintiffs filed this putative class action lawsuit (the "Action") against Old

22   Republic in King County Superior Court on October 16, 2012.  Old Republic removed the

23   Action to the United States District Court for the District of Western Washington on November

24   16, 2012, pursuant to the Class Action Fairness Act.

25          2.      Plaintiffs allege Old Republic collected and retained excess recording charges

26   from Plaintiffs and other customers in certain Washington State real estate transactions in which

ORDER, JUDGMENT AND DECREE GRANTING          SCHROETER, GOLDMARK & BENDER
FINAL APPROVAL - 1                           500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
(No. 2:12-CV-02019-RSL)                       Telephone:  (206) 622-8000 ● Fax:  (206) 682-2305

1    Old Republic provided escrow services.  Old Republic denies Plaintiffs' allegations, denies any

2    wrong-doing, and denies that a class should be certified in this Action.

3          3.      The parties have estimated Old Republic collected and retained some amount of

4    excess recording charges from Settlement Class Members in approximately 12,700 transactions

5    between October 16, 2006 and October 18, 2013.[1]

6          4.      The parties have engaged in contested litigation and have exchanged substantial

7    information about the facts underlying Plaintiffs' claims and the claims of the Settlement Class

8    Members.  They have conducted extensive, arm's-length settlement discussions over the terms of

9    resolution and the Settlement Agreement.

10         5.      Based upon extensive analysis of the facts and law applicable to Plaintiffs'

11   claims, and taking into account the extensive burdens and expense of litigation, including the

12   risks and uncertainties associated with protracted trials and appeals and the fair, cost-effective

13   and assured method of resolving the claims of the Settlement Class, Plaintiffs and Class Counsel

14   have concluded the Settlement Agreement provides substantial benefits to the Settlement Class

15   and is fair, reasonable, adequate and in the best interests of the Settlement Class.

16         6.      Although Old Republic denies Plaintiffs' assertions in the Action and denies any

17   wrongdoing or liability to Plaintiffs or the putative class of any kind, Old Republic has

18   concluded the Settlement Agreement is in its best interests to avoid the time, expense and

19   business distraction of defending potentially protracted and expensive litigation.

20         7.      This Court previously considered Plaintiffs' Unopposed Motion for Certification

21   of Settlement Class and Preliminary Approval of Class Action Settlement, together with

22   supporting materials, including the Settlement Agreement, the Notice Plan and the proposed

23   Class Notice.  On November 18, 2013, this Court entered its Order Preliminarily Approving

24   Class Action Settlement, Striking Case Deadlines, Authorizing Distribution of Class Notice and

25

---

26   [1] All capitalized terms not otherwise defined in this Order shall have the same meaning as defined in the
     Agreement.

ORDER, JUDGMENT AND DECREE GRANTING          SCHROETER, GOLDMARK & BENDER
FINAL APPROVAL - 2                           500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
(No. 2:12-CV-02019-RSL)                      Telephone:  (206) 622-8000 ● Fax:  (206) 682-2305

1  Setting Final Approval Hearing (the "Preliminary Approval Order").  Among other things, the

2  Preliminary Approval Order approved and directed the distribution of the Class Notice regarding

3  the Settlement Agreement, set deadlines for filing Requests for Exclusion and objections, and set

4  the date for the Final Approval Hearing.

5        8.      The parties and the Settlement Administrator have submitted declarations and

6  exhibits demonstrating they have complied with all of the requirements of the Preliminary

7  Approval Order concerning the distribution of the Class Notice to Potential Class Members.

8        9.      On December 19, 2013, Class Counsel filed, served, and posted to a website

9  accessible by Settlement Class Members an application seeking an Attorney Fee Award and a

10  Representative Plaintiffs' Award.  On February 14, 2014, Class Counsel filed a motion seeking

11  final approval of the Settlement Agreement.

12        10.      On March 13, 2014, this Court held the Final Approval Hearing to consider,

13  among other things, whether to grant final approval to: (a) the Settlement Agreement, (b) Class

14  Counsel's application for an Attorney Fee Award and a Representative Plaintiffs' Award, and (c)

15  the entry of this Final Approval Order.

16        11.      Having read, reviewed and considered the papers filed with this Court, the oral

17  arguments of counsel, and the written and oral objections and comments of all those who

18  appeared at the Final Approval Hearing, if any, and based on the entire record in the Action, the

19  Court finds the Settlement Agreement is fair, reasonable, adequate and in the best interests of the

20  Settlement Class and should be finally approved.

21  **II.  ORDER, JUDGMENT AND DECREE**

22  The Court having considered the record in the Action, the materials submitted in

23  connection with the Preliminary Approval Motion, the materials submitted in connection with

24  the motion for final approval of the Settlement Agreement and good cause having been shown,

25  **IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:**

26

ORDER, JUDGMENT AND DECREE GRANTING
FINAL APPROVAL - 3
(No. 2:12-CV-02019-RSL)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Telephone:  (206) 622-8000 ● Fax: (206) 682-2305

1.      This Court has subject matter jurisdiction over the claims asserted in this

proceeding, including the Settled Class Claims, has personal jurisdiction over the settling parties

(including without limitation the Persons in the Settlement Class), and subject matter jurisdiction

to approve the Settlement.

2.      As demonstrated by declarations, the parties have complied with the Preliminary

Approval Order regarding the Notice Plan.  Notice given to the Settlement Class was reasonably

calculated under the circumstances to apprise the Settlement Class of the pendency of this action,

all material terms of the Agreement, their opportunity to exclude themselves from the Settlement

Class, to object to or to comment on the Settlement Agreement, and to appear at the Final

Approval Hearing.  The notice was reasonable and the best notice practicable under the

circumstances, provided due, adequate and sufficient notice to all members of the Settlement

Class, and complied fully with the Federal Rules of Civil Procedure and federal constitutional

due process, and any other applicable rules of the Court.  Settlement Class Members were

provided a full opportunity to participate in the Final Approval Hearing, and all Settlement Class

Members and other persons wishing to be heard have been heard.  Accordingly, the Court

determines that all potential members of the Settlement Class, except those who have timely and

properly excluded themselves from the Settlement Class, are bound by the Agreement and this

Final Approval Order.

3.      The Opt Outs are identified on a list filed under seal with the Court.  The Opt

Outs are not bound by the Agreement or this Final Approval Order.

4.      The Settlement Class (as defined in the Preliminary Approval Order) is granted

final certification for purposes of the Settlement.

5.      The Court hereby grants final approval to the Settlement Agreement and finds it is

fair, adequate, and reasonable, and in the best interests of the Settlement Class as a whole.  The

parties entered into the Settlement Agreement after contested litigation and in good faith after

ORDER, JUDGMENT AND DECREE GRANTING
FINAL APPROVAL - 4
(No. 2:12-CV-02019-RSL)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Telephone:  (206) 622-8000 ● Fax:  (206) 682-2305

1 extensive, non-collusive and arm's-length negotiations.  The Court has considered and overrules

2 all of the filed objections, if any.

3   6.   Neither this Final Approval Order nor the Settlement Agreement is an admission

4 or indication by the Released Parties of the validity of any claims in the Action or of any liability

5 or wrongdoing.  This Final Approval Order and the Settlement Agreement are not a concession,

6 and neither of them shall be used as an admission or indication with respect to any claim of any

7 wrongdoing, fault, or omission by any Released Party or any other person in connection with any

8 transaction or occurrence or any statement, release or written document issued, filed, or made.

9 Neither this Final Approval Order nor the Settlement Agreement, nor any related document,

10 proceeding, or action, nor any reports or accounts thereof, shall be offered or received in

11 evidence in any civil, criminal, or administrative proceeding, other than proceedings that may be

12 necessary to enforce the Settlement Agreement and the releases granted in the Settlement

13 Agreement or this Final Approval Order.

14   7.   Plaintiffs and all Settlement Class Members shall be and hereby are conclusively

15 deemed to have fully, finally, and forever released and discharged the Released Parties from the

16 Settled Class Claims as provided in the Settlement Agreement.  This release is binding and

17 effective on each such Settlement Class Member and any of their predecessors, successors,

18 partners, subsidiaries, affiliates, custodians, agents, assigns, representatives, marital

19 communities, heirs, executors, trustees, administrators and any other person or entity having any

20 legal or beneficial interest in the Settled Class Claims, including without limitation Unknown

21 Class Claims.

22   8.   In connection with the releases in the Agreement and this Final Approval Order,

23 the following capitalized terms have the following meanings:

24   (a)   "Released Party or Parties" means Old Republic and each and all of its past,

25 present and future predecessors, successors, assigns, parents, divisions, subsidiaries, associates,

26 affiliated companies and corporations, and each and all of their respective past, present, and

ORDER, JUDGMENT AND DECREE GRANTING
FINAL APPROVAL - 5
(No. 2:12-CV-02019-RSL)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Telephone:  (206) 622-8000 ● Fax: (206) 682-2305

1 future representatives, employees, managers, agents, consultants, insurers, directors, committees,

2 managing directors, officers, partners, general partners, limited partners, principals, members,

3 insurers, reinsurers, accountants, financial and other advisors, investment bankers, underwriters,

4 shareholders, lenders, auditors, investment advisors, legal representatives, attorneys, successors

5 in interest, assigns and Persons, firms, trusts, trustees, corporations, officers, directors, other

6 individuals or entities in which Old Republic has a controlling interest or which is related to or

7 affiliated with any of them or any other representatives of any of these Persons and entities, and

8 each and all of their respective executors, successors, assigns, and legal representatives.

9        (b)     "Releasing Party or Parties" means Plaintiffs and the Settlement Class Members

10 and each and all of their present or past heirs, executors, personal representatives, estates,

11 authorized users, guarantors, administrators, predecessors, successors, assigns, parents,

12 subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors,

13 managing directors, officers, partners, principals, members, accountants, financial and other

14 advisors, investment bankers, underwriters, lenders, and each of their affiliates' present or past

15 heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries,

16 associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing

17 directors, officers, partners, principals, members, accountants, financial and other advisors,

18 investment bankers, underwriters, lenders and any other representatives of any of these Persons

19 and entities.

20        (c)     "Settled Class Claims" means collectively any and all claims, demands, rights,

21 liabilities, suits, matters, obligations, damages, losses, costs, actions and causes of action of

22 every nature and description whatsoever, in law or equity, known or unknown, latent or patent,

23 asserted, unasserted or that might have been asserted (including, without limitation, assigned

24 claims and common law claims for breach of contract, unjust enrichment, violations of any

25 Consumer Protection Act or state or federal statutes, rules or regulations) either directly, in a

26 representative capacity or in any other capacity, by the Releasing Parties against the Released

ORDER, JUDGMENT AND DECREE GRANTING
FINAL APPROVAL - 6
(No. 2:12-CV-02019-RSL)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Telephone:  (206) 622-8000 ● Fax:  (206) 682-2305

1  Parties, arising from or in any way relating to Old Republic's collection or retention from

2  Settlement Class Members of recording charges in real estate transactions in Washington State

3  between October 16, 2006, and October 18, 2013, in which Old Republic provided escrow

4  services, or Old Republic's making of alleged misrepresentations, omissions, statements,

5  misleading disclosures or failures to disclose information about such charges, or their collection

6  or retention.  Settled Class Claims include without limitation Unknown Class Claims and all

7  claims asserted in the Complaint on file in the Action relating to recording charges, and all

8  claims alleged or asserted, or which could have been alleged or asserted, against the Released

9  Parties which arise from the alleged acts, omissions, representations, facts, events, matters,

10  transactions or occurrences relating to recording charges at issue in the Action.

11        (d)    "Unknown Class Claims" means any and all claims by the Releasing Parties

12  against the Released Parties arising from the facts and circumstances that were alleged in the

13  Action relating in any way to Old Republic's collection or retention from Settlement Class

14  Members of excess recording charges in real estate transactions in Washington State between

15  October 16, 2006, and October 18, 2013, in which Old Republic provided escrow services, based

16  on facts that now exist, may hereafter exist, or have previously existed that the Releasing Parties

17  may hereafter discover in addition to, or different from, those which Class Counsel and the

18  Releasing Parties now know or believe to be true concerning the Settled Class Claims, without

19  regard to the subsequent discovery of those facts by the Releasing Parties or the existence of any

20  such different or additional facts.

21       The Releasing Parties have waived any and all rights they may have under or pursuant to:

22  (i) the provisions of Section 1542 of the Civil Code of the State of California and/or (ii) the

23  provisions of any similar statutory, regulatory or common law of any state or of the United

24  States.

25

26

ORDER, JUDGMENT AND DECREE GRANTING
FINAL APPROVAL - 7
(No. 2:12-CV-02019-RSL)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Telephone:  (206) 622-8000 ● Fax: (206) 682-2305

9. Plaintiffs and all Settlement Class Members are hereby barred and permanently enjoined from prosecuting, commencing or continuing any proceedings regarding the Settled Class Claims against the Released Parties.

10. Without affecting the finality of this Final Approval Order, the Court reserves continuing jurisdiction over the Parties to the Agreement and the Settlement Class, to administer, supervise, construe and enforce the Agreement in accordance with its terms.

11. The Settlement Agreement is approved and expressly incorporated herein by this reference.  The parties shall consummate the Settlement Agreement according to its terms.

12. The Court having been advised that Plaintiffs Peggy A. Neff and Geoffrey E. Neff were not overcharged escrow fees and are no longer pursuing any escrow fee overcharge claims under any legal theory in this Action, that they do not seek or purport to represent a class bringing any such escrow fee overcharge claims, and that the parties do not intend the settlement to include, resolve or release such escrow fee overcharge claims on a class basis, any claims asserted by these Plaintiffs in the Action arising from or relating to escrow fees or seeking remedy for alleged escrow fee overcharges are hereby dismissed without prejudice.  Without prejudice to the Opt Outs, the other individual and class claims asserted in this Action relating to or arising from recording charges are dismissed with prejudice and without an award of costs or fees to any party except as provided below.

13. Within ten (10) business days of the Effective Date of this Order, Old Republic shall deliver to the Settlement Administrator the sum of Two Hundred Thousand Dollars ($200,000.00) (the "Settlement Fund"), less any Administration Costs already paid by Old Republic to the Settlement Administrator, to be held and disbursed by the Settlement Administrator in accordance with the terms of this Order.  The Settlement Administrator is authorized and directed to deposit the Settlement Fund into a segregated account, to calculate and pay Awards from the Settlement Fund to Award Recipients and distribute any remainder in the Settlement Fund Account as provided by this or subsequent orders of this Court.

ORDER, JUDGMENT AND DECREE GRANTING
FINAL APPROVAL - 8
(No. 2:12-CV-02019-RSL)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Telephone:  (206) 622-8000 ● Fax:  (206) 682-2305

14.     Class Counsel's request for the Attorney Fee Award, payable solely from the Settlement Fund, is approved in the amount of $50,392.48, which includes their litigation costs. The Settlement Administrator shall pay the Attorney Fee Award to Class Counsel, in such shares as Class Counsel directs, within twenty (20) business days after the Effective Date.

15.     Class Counsel's request for the Representative Plaintiffs' Award is approved in the total amount of $2,500.00 for Plaintiffs Peggy A. Neff and Geoffrey E. Neff, payable solely from the Settlement Fund.  The Settlement Administrator shall pay the Representative Plaintiffs' Award by delivering a check to Schroeter Goldmark & Bender made payable jointly to Peggy A. Neff and Geoffrey E. Neff in the total amount of $2,500.00.

16.     The Settlement Administrator shall calculate the amount payable to each Award Recipient as provided in Paragraph 4.2 of the Settlement Agreement and shall mail the Award checks within twenty (20) business days after the Effective Date.  All Award checks shall be mailed on the same day.

17.     Award checks will be valid and will be paid only if they are cashed on or before the Award Expiration Date.  Award checks shall include a legend indicating that after the Award Expiration Date they are invalid, cannot be cashed, and will not be honored.  The bank holding the Settlement Fund Account established by the Settlement Administrator is hereby prohibited from paying or honoring any Award checks more than six (6) business days after the Award Expiration Date.  The Settlement Administrator is directed to provide the bank holding the Settlement Fund Account with a copy of this Final Approval Order at the time the Settlement Fund Account is opened, and to draw its attention to this Paragraph 17.

18.     Not later than thirty (30) calendar days after the Award Expiration Date, the Settlement Administrator shall distribute the funds remaining in the Settlement Fund Account, if any, as provided in the Agreement: (i) fifty percent (50%) to the Legal Foundation of Washington, and (ii) fifty percent (50%) to the King County Bar Foundation.

ORDER, JUDGMENT AND DECREE GRANTING
FINAL APPROVAL - 9
(No. 2:12-CV-02019-RSL)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Telephone:  (206) 622-8000 ● Fax:  (206) 682-2305

1    19.    If the Settlement does not become effective as provided in the Agreement, this

2  Final Approval Order shall be rendered null and void and shall be vacated.  In such an event, all

3  orders entered in connection with the Settlement (including, without limitation, the Preliminary

4  Approval Order) shall be vacated and the Parties shall return to their respective litigation

5  positions as of the date immediately preceding the entry of the Preliminary Approval Order.  The

6  parties shall then jointly request the Court to hold a scheduling conference for the purpose of

7  establishing a new case schedule.

8

9    IT IS SO ORDERED this 13th day of March, 2014.

10

11

12    _Robert S. Lasnik_
    Robert S. Lasnik

13    United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER, JUDGMENT AND DECREE GRANTING
FINAL APPROVAL - 10
(No. 2:12-CV-02019-RSL)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Telephone:  (206) 622-8000 ● Fax:  (206) 682-2305